73 F.3d 361
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Diane CARREL, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-2118.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1995.
 
 1
 Before: RYAN and DAUGHTREY, Circuit Judges; and HILLMAN, District Judge.*
 
 ORDER
 
 2
 Diane Carrel appeals a district court judgment affirming the Secretary's denial of her application for social security disability benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Carrel filed an initial application for benefits which was denied on August 9, 1989. Carrel then filed her current application for social security disability insurance benefits alleging that she suffered from severe back pain. Following a hearing, an administrative law judge (ALJ) determined that Carrel was not disabled because she had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council remanded the case to the ALJ for further consideration. The ALJ again denied benefits, and the Appeals Council affirmed that decision.
 
 
 4
 Carrel then filed a complaint seeking review of the Secretary's decision. Upon de novo review of a magistrate judge's report and over Carrel's objections, the district court affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 5
 Upon review, we conclude that substantial evidence does not exist to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 The Secretary erred by relying on the vocational expert's testimony presented at the administrative hearing held on Carrel's first application for benefits. Carrel has obtained new medical evidence indicating that her condition has deteriorated since her first application for benefits was denied. Hypothetical questions to a vocational expert must accurately portray the claimant's physical and mental impairments. Varley v. Secretary of Health & Human Servs., 820 F.2d 777, 779 (6th Cir.1987). As the vocational expert's testimony regarding the first application for benefits could not possibly consider the new medical evidence which Carrel presented in her current application, the Secretary erroneously relied on the prior vocational expert's testimony to meet her burden of proof.
 
 
 7
 Accordingly, we vacate the district court's judgment and remand the case to the Secretary for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation